IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02608-BNB

TERRY BLEVINS,

    Plaintiff,

v.

JOHN JONES
TASHA DOBBS, and
JEFF WELLS,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Terry Blevins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Blevins initiated this action by filing a *pro se* civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, alleging that his constitutional rights have been violated.

Mr. Blevins has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they

acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe the complaint liberally because Mr. Blevins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Blevins asserts three claims. As background, he alleges that participation in a sex offender treatment program (SOTP) is a condition of his parole, even though he believes that "because of the nature of his case he is not required to attend such a program." Complaint at 3. As his first claim, Mr. Blevins asserts that Defendants Tasha Dobbs and Jeff Wells "falsely arrested" him on March 12, 2009, for his failure to participate in the SOTP. *Id.* at 4 He also alleges that Defendant John Jones had him arrested on May 24, 2010, again for his failure to participate in the SOTP. *Id.* Mr. Blevins alleges that his parole was revoked on both occasions. *Id.* at 3. As his second claim, Mr. Blevins asserts that he was "false[ly] incarcerated" because Defendant Dobbs "presented evidence to the Colo. Parole Board which led to Plaintiff being incarcerated for 180 days each time." *Id.* at 6. In his third claim, Mr. Blevins asserts that the conditions of his parole violate his First Amendment right to free speech because he is

not allowed to enter a public library to read or use the internet and is prohibited from buying adult magazines. *Id.* at 7. Mr. Blevins seeks money damages.

Mr. Blevins may not recover money damages for these claims because they challenge the validity of his parole revocation and, therefore, his continuing confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See id.* at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Here, Mr. Blevins challenges the conditions of his parole and the revocation of his parole following his refusal to follow the conditions. These claims necessarily imply the invalidity of the conditions of his parole and, therefore, the revocation of his parole. Before bringing a claim that casts doubt on the length of a prisoner's continued incarceration, the prisoner first must pursue a successful action for habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997), *see also Butterfield*, 120 F.3d at 1024 & n.1. Mr. Blevins does not allege and nothing in the Court's file indicates that he has invalidated the revocation of his parole through a writ of habeas corpus. Therefore, Mr. Blevins' claims for money damages based on the revocation of his parole are barred by

3

*Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and Action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 10th day of November, 2010.

BY THE COURT:

/s/ Zita Leeson Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02608-BNB

Terry Blevins
Prisoner No. 111164
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk